IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donna Zigmantanis, Faith M. Dowden, Meredith Mumpower, Jennifer Newton, Yelizaveta Liokumovich, Ahman Jacob Lemus Chavez, James Darryl Robinson, Michael D. Brady, Michele Nelson, Nancy B. Tiller, Paige Bickar, Alison K. Starosky, India Roark Springs, and Allison Case Morgan,<br><br>                        Plaintiffs,<br><br>v.<br><br>Wanda Hemphill, Chris Whitmire, John Wells, Joanne Day, Linda McCall, Clifford J. Edler, Scott Mosely, and Howard Knapp,<br><br>                        Defendants. | C/A No. 22-cv-2872-SAL<br><br><br><br><br>**ORDER** |

      This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 79.] The Report recommends the court grant motions to dismiss filed by Defendants Wanda Hemphill, John Wells, Joanne Day, Linda McCall, Clifford J. Edler, Scott Mosely, and Howard Knapp[1] (the "Collective Defendants"), ECF No. 68, and by Chris Whitmire, ECF No. 71. The above-named Plaintiffs filed objections to the magistrate judge's recommendation on August 29, 2023. [ECF No. 82.] For the reasons below, the court adopts the Report and grants Defendants' motions.

**BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiffs, a group of registered South Carolina voters, filed this *pro se* action seeking injunctive relief related to South Carolina's election procedures. [ECF No. 13.] They generally

---

[1] Defendants note that the Report failed to list Howard Knapp among the moving parties. [ECF No. 81 at 2.] The court amends the Report to reflect his status as such.

1

allege Defendants—all individuals with current or former ties to the South Carolina Election Commission[2]—maintain improper partnerships with federal agencies and utilize unlawful electronic voting equipment. *Id.* at 19–43. Plaintiffs claim Defendants' actions threaten "state sovereignty," pose privacy risks to voters, allow for foreign interference with elections, and undermine "confidence in a free and fair election." *Id.* at 12–13, 38–40, 43–45. They request a litany of remedies, asking the court to: (1) end South Carolina's partnerships with federal agencies, (2) enjoin Defendants from using electronic voting machines, (3) require paper ballots and same-day voting, (4) disband the South Carolina Election Commission and county election boards, (5) require the South Carolina Secretary of State to remain an elected position, and (6) decertify the 2020 general and midterm elections. *Id.* at 45–46.

The Collective Defendants move to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction or, alternatively, for judgment on the pleadings. [ECF No. 68.] Defendant Chris Whitmire also filed motions under Fed. R. Civ. P. 12(b)(1) and 12(c). [ECF No. 71.] The Report recommends dismissal because Plaintiffs lack standing and, in any event, fail to state their claims "clearly enough for . . . [D]efendants to know how to defend themselves." [ECF No. 79 at 5 (quoting *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004)).] Plaintiffs object to these findings, as they concern all Defendants except Chris Whitmire. [ECF No. 82.] Defendants also responded to the Report to correct several "scrivener's errors." [ECF No. 81 at 2.] The matter is thus fully briefed and ripe for review.

---

[2] Defendants contest the Report's description of their respective affiliations with the South Carolina Election Commission. [ECF No. 81 at 2.] The court amends the Report to note that Defendants Knapp, Hemphill, and Whitmire are current or former Commission employees, rather than Commission members.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Plaintiffs are proceeding *pro se*, the court must liberally construe the pleadings to allow Plaintiffs to fully develop potentially meritorious claims. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.). That said, the requirement of liberal construction does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommends the court dismiss Plaintiffs' claims in their entirety. [ECF No. 79.] The court adopts that recommendation for the reasons that follow.

I.   **Motion by Collective Defendants**

   A.   **The Report's Findings**

The Report first concludes that Plaintiffs inadequately plead their claims for relief and lack standing to sue the Collective Defendants. [ECF No. 79.] The court agrees that it lacks jurisdiction over Plaintiffs' claims and, thus, grants the Collective Defendants' motion, ECF No. 68, without evaluating the legal sufficiency of the complaint.

As the Report correctly notes, Article III of the United States Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." *Id.* at 6 (citing U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citations omitted). To demonstrate Article III standing, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers[.]" *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998)).

The court finds that Plaintiffs fail to show an injury in fact. Plaintiffs, to begin, do not demonstrate they have suffered a concrete and particularized harm. As the Report correctly notes, a "generalized grievance" impacting a plaintiff in a manner "undifferentiated and 'common to all members of the public'" is insufficient to establish a concrete and particularized injury. *United*

*States v. Richardson*, 418 U.S. 166, 176–77 (1974) (citations omitted); *see also* ECF No. 79 at 7. But Plaintiffs' claims here are just that. Plaintiffs do not allege that any members of the group lost the ability to vote, had their confidential data compromised,[3] or were otherwise affected in "a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Instead, they claim Defendants violated the federal and state constitutions, wrongly partnered with federal agencies, and misused state funding. [ECF No. 13 at 6.] These allegations are "precisely the kind of . . . grievance[s] about the conduct of government" that federal courts refuse to hear. [ECF No. 79 at 7–8 (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)).]

Plaintiffs also fail to show they will suffer "imminent" personal harms, as opposed to merely "conjectural or hypothetical" ones. *Friends of the Earth, Inc.*, 528 U.S. at 180–81. The complaint, in relevant part, argues Defendants' partnerships with federal agencies put the state in "jeopardy" of "federal overreach." [ECF No. 13 at 21.] Plaintiffs further allege that electronic voting machines "pose vulnerabilities for foreign interference" in South Carolina elections, *id.* at 17, and argue "election officials could limit the impact of a cyber incident" by prohibiting voting machines that rely on the internet, *id.* at 42. The court agrees these alleged injuries are too speculative in nature to establish an actionable injury in fact. [ECF No. 79 at 7 (collecting cases denying standing where plaintiffs alleged voting machine vulnerabilities).] It, therefore, finds that federal jurisdiction is lacking for Plaintiffs' claims against the Collective Defendants.

**B.    Plaintiffs' Objections**

Plaintiffs object to the Report, arguing that an individualized injury is not needed to confer standing if the government violates a "legal duty" owed to its citizens, residents, taxpayers or

---

[3] Plaintiffs vaguely allege that Defendants disclosed the "personal data" of South Carolina citizens in violation of federal law. [ECF No. 13 at 11–12, 14, 44–45.] Plaintiffs fail, however, to articulate how they were individually affected.

5

voters. [ECF No. 82 at 5–6.] To this end, Plaintiffs cite a non-binding decision by the Supreme Court of Georgia, which recognized that Georgia courts may occasionally hear generalized grievances. *Id.* at 5 (citing *Sons of Confederate Veterans v. Henry Cnty. Bd. of Commissioners*, 880 S.E.2d 168, 171 (Ga. 2022)). The court notes, however, that the Supreme Court of Georgia itself recognized its analysis was "[u]nlike federal law," which requires injuries to "always be individualized." *Sons of Confederate Veterans*, 880 S.E.2d at 171. Plaintiffs' objection is, thus, rejected as inconsistent with the Article III requirements imposed on federal courts.

Plaintiffs also imply that the Report denied standing based on the large number of people affected by their allegations. [ECF No. 82 at 6.] The court agrees that standing in federal court is not defeated solely by "the fact that many persons share[] the same injury[.]" *United States v. Students Challenging Regul. Agency Procs*, 412 U.S. 669, 686 (1973). However, Plaintiffs do not allege a shared or widespread injury of the sort cognizable in federal court. They instead "appear to merely disagree with the form and manner of security of South Carolina's election system[,]" as the Report concludes. [ECF No. 79 at 7.] Such an "undifferentiated, generalized grievance" does not warrant the exercise of this court's jurisdiction. *Lance*, 549 U.S. at 442; *see also Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009).

The court likewise rejects Plaintiffs' remaining objections, which concern the legal sufficiency of the complaint. [ECF No. 82 at 4–5.] Plaintiffs' arguments do not cure the jurisdictional defects identified by the magistrate judge and, thus, do not alter the court's determination that dismissal is appropriate.

## II.     Motion by Chris Whitmire

The Report also recommends the court grant Defendant Chris Whitmire's motion to dismiss, ECF No. 71. In his motion, Whitmire first argues that Plaintiffs lack standing and

incorporates the arguments set forth in the Collective Defendants' motion to dismiss, ECF No. 68. [ECF No. 71 at 2.] He also claims that Plaintiffs cannot secure their requested injunctive relief against him because Whitmire no longer works for the South Carolina Election Commission. *Id.* at 2–3. As the Report notes, Plaintiffs recognize Whitmire's occupational change and do not oppose his motion to dismiss. *See* ECF No. 79 at 2 n.1; ECF No. 77 at 2.

The court finds the above analysis regarding Plaintiffs' lack of standing applies with equal force to their claims against Defendant Whitmire. It, therefore, grants Whitmire's unopposed motion.

## CONCLUSION

For these reasons, the court adopts the Report, ECF No. 79, and incorporates it herein, as amended to reflect the minor factual discrepancies identified above. Defendants' motions to dismiss, ECF Nos. 68 and 71, are accordingly **GRANTED**.

**IT IS SO ORDERED.**

*[Signature: Sherri A. Lydon]*

January 5, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge